UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


HEIDI HALL and JOSEPH HALL,

       Plaintiffs,

v.                                                         Hon. Hala Y. Jarbou

THOMACA BUSH, et al.,                            Case No. 1:20-cv-731

       Defendants.

_____/


**REPORT AND RECOMMENDATION**

On August 25, 2021, the Court entered an Order approving and adopting the July 21, 2021 Report and Recommendation. (ECF No. 77.) The remaining Defendants are Unknown Parties Nos. 1, 3, and 4. (*Id.* at PageID.2442.) Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court dismiss the remaining Unknown Parties without prejudice for failure to achieve service.

This is a *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiffs filed their amened complaint on January 22, 2021. Plaintiffs never obtained service on Unknown Parties Nos. 1, 3, or 4. Because Plaintiffs were not authorized to proceed *in forma pauperis*, they were responsible for serving the summons and amended complaint. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). Plaintiffs never sought to amend their complaint to identify these individuals. Plaintiffs' 90-day period within which to achieve service of the summons and amended complaint has long since expired. *See* Fed. R. Civ. P. 4(m); *see also Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005). Although Plaintiffs alleged in their amended complaint that they sought to identify the Unknown Parties through discovery, all Defendants from whom Plaintiffs might have obtained discovery have now been dismissed from this action. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (noting that, in general, a plaintiff should be permitted an opportunity to

discover the identities of unknown parties "unless it is clear that discovery would not uncover the

identities, or that the complaint would be dismissed on other grounds"). Moreover, because

Unknown Defendant No. 1 is alleged to be a Champaign County Illinois DCFS worker, venue

would be improper as to that individual, and the claims against Unknown Defendants Nos. 3 and

4, who are alleged to be an MDHHS Child Protective Services worker and a supervisor of

Defendant Bush, would be subject to dismissal on the same grounds as the now-dismissed

MDHHS employees.

Accordingly, I recommend that Plaintiffs' claims against the unserved Defendants be

**dismissed without prejudice** and a final judgment entered. This Report and Recommendation

serves as Plaintiffs' notice of impending dismissal. *See Bridgeport Music, Inc. v. Rhyme Syndicate

Music*, 376 F.3d 615, 623 (6th Cir. 2004).


Date:  August 26, 2021                                    /s/ Sally J. Berens
                                                          SALLY J. BERENS
                                                          U.S. Magistrate Judge


OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).