UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEIDI HALL, et al.,

    Plaintiffs,

v.

                                Case No. 1:20-cv-731

                                Hon. Hala Y. Jarbou

THOMACA BUSH, et al.,

    Defendants.
_____/

## **ORDER**

Plaintiffs brought this action against multiple defendants, including several unidentified parties. On August 26, 2021, after all the named parties had been dismissed, the magistrate judge issued a report and recommendation (R&R) recommending that the Court dismiss the remaining parties due to lack of service. (R&R, ECF No. 78.) The magistrate judge also concluded that, even if Plaintiffs could identify the remaining defendants through discovery, the claims against additional unnamed Michigan defendants would be subject to dismissal for the same reasons as the claims against the named defendants. Also, the claim against an unidentified Illinois defendant would be subject to dismissal because venue would be improper.

Before the Court are Plaintiffs' objections to the R&R (ECF No. 79) and Plaintiffs' second motion to vacate the Court's August 25, 2021, order (ECF No. 88).

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

The bulk of Plaintiffs' objections do not address the basis for the magistrate judge's R&R. Instead, they attempt to challenge previous rulings by the Court. For instance, Plaintiffs recite a

litany of reasons why they believe the Court's previous conclusions are incorrect. However, those objections are not relevant to the most recent R&R.

Plaintiffs also ask for more time to amend the complaint and complete service. Apart from the general objections to the Court's previous rulings, however, they do not address the magistrate's conclusions that an amendment which identifies the unnamed parties would be futile.

But after Plaintiffs filed their objections, they filed a proposed amended complaint and a motion to amend their complaint (ECF No. 91). The Court will allow the magistrate judge to determine in the first instance whether leave to amend is warranted under these circumstances and, if so, whether it would save Plaintiffs' claims from dismissal.

Finally, the Court will deny Plaintiffs' Second Motion to Vacate under Rule 60 of the Federal Rules of Civil Procedure, which continues to rehash issues that Plaintiffs have previously raised and that the Court has already addressed. In addition, as the Court informed Plaintiffs in an order denying their previous motion to vacate, Rule 60 does not apply because no judgment has been entered in this case. (*See* 9/23/2021 Order, ECF No. 87.)

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 78) is **REJECTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the magistrate judge is directed to consider Plaintiffs' motion for leave to amend their complaint.

**IT IS FURTHER ORDERED** that Plaintiffs' second motion to vacate (ECF No. 88) is **DENIED**.

Dated:   January 20, 2022                          /s/ Hala Y. Jarbou
                                                   HALA Y. JARBOU
                                                   UNITED STATES DISTRICT JUDGE