UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEIDI HALL and JOSEPH HALL,

    Plaintiffs,

v.                                                                           Hon. Hala Y. Jarbou

THOMACA BUSH, et al.,                                        Case No. 1:20-cv-731

    Defendants.
_____/

## REPORT AND RECOMMENDATION

In accordance with the Court's January 20, 2022 Order (ECF No. 97), I have reviewed Plaintiffs' proposed Second Amended Complaint to determine whether they should be granted leave to amend following entry of the Court's August 25, 2021 Order (ECF No. 77), adopting the July 21, 2021 Report and Recommendation (R&R) (ECF No. 70), which recommended that the State Defendants' and the County Defendants' motions to dismiss be granted. The August 25, 2021 Order also affirmed the related order denying Plaintiffs' motion for leave to amend.

Having carefully considered Plaintiffs' Motion to Amend Complaint and proposed Second Amended Complaint (ECF Nos. 91 and 92-1), pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court (1) **DENY** Plaintiffs' Motion to Amend; (2) **DISMISS** the claims against Defendant Forrest (current Jane Doe #1) and Jane Does ##2–4 with prejudice; and (3) and **DENY** Plaintiffs' Motion to Transfer Venue, (ECF No. 98), as moot.[1]

---

[1] Although a motion to amend is a nondispositive pretrial matter that I am authorized to decide pursuant to 28 U.S.C. § 636(b)(1)(A), I have elected to address the motion by report and recommendation pursuant to 28 U.S.C. § 636(b)(B), as a recommendation to deny the motion to amend is tantamount to a dispositive ruling on the merits of Plaintiffs' claims and will terminate the case as to the claims against the State Defendants and the County Defendants.

I.      **Motion to Amend**

In their proposed Second Amended Complaint, Plaintiffs assert the following claims: (1) substantive due process: (2) procedural due process; (3) unlawful search and seizure; (4) equal protection; (5) Section 1985 conspiracy; and (6) failure to train.[2] (ECF No. 92-1 at PageID.2703–12.) Plaintiffs sue State Defendants Thomaca Bush, Marisa Anderson, Rita Ermatinger, Jane Doe #1 (Jane Doe #4 in the current operative pleading), Jane Does ##2 and 3 (Jane Does ##2 and 3 in the current operative pleading), Tonya Martinez, Elizabeth Montemayor, and Herman McCall. Plaintiffs also sue County Defendants Peter Brown, Stacey Strouse, Sidra Alvi-Waller, Richard Garcia, and Carol Siemon. Plaintiffs add George Strander, the Ingham County Juvenile Court Administrator, to the existing group of County Defendants. They state that they sue Strander for his administrative duties, as his position has no judicial functions, but they allege no fact in the proposed pleading establishing what, if anything, Strander did to violate their rights and do not mention him in any of the counts. (*Id.* at PageID.2650.) Finally, Plaintiffs sue Illinois DCFS employee Heather Forrest, but do not specifically mention her in any of the counts.

Pursuant to Fed. R. Civ. P. 15(a)(2), "a court should freely give leave [to amend] when justice so requires." A court may deny leave "in cases of undue delay, undue prejudice to the opposing party, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or futility." *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A motion to amend is considered futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6). *Rose v. Hartford Underwriters*

---

[2] Plaintiffs assert the first four claims under both federal and state law. To the extent Plaintiffs seek to assert their claims under the Michigan Constitution, they fail to state a claim, as a plaintiff may not sue individual government employees for damages for alleged violations of the Michigan Constitution. *Brent v. Wayne Cnty. Dep't of Human Servs.*, 901 F.3d 656, 687–88 (6th Cir. 2018) (citing *Jones v. Powell*, 462 Mich. 329, 335–36 (2000)).

*Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Here, the only issue is whether Plaintiffs' proposed amendment is futile.

    **A.**    **County Defendants**

The July 21, 2021 R&R recommended dismissal of Plaintiffs' claims against the County Defendants in their individual capacities on the basis of the *Rooker-Feldman* doctrine and absolute judicial, quasi-judicial, and prosecutorial immunities. The Court adopted these recommendations in its August 25, 2021 Order. (ECF No. 77 at PageID.2437–39.) Nothing in Plaintiff's proposed amendment undermines these bases for dismissal. Plaintiffs' allegations show that Judge Garcia's only act pertinent to their claims—entry of an order—was an act taken in his judicial capacity. And contrary to Plaintiffs' assertions, Judge Garcia in fact signed the September 28, 2018 Order to Take Children Into Protective Custody. (ECF No. 53-3 at PageID.1917.) Similarly, Referee Brown's only activity was presiding over the September 28, 2018 preliminary hearing and entering the September 28, 2018 Order After Preliminary Hearing. (ECF No. 53-2 at PageID.1910–14.) This is the type of activity that is afforded absolute immunity. Plaintiffs' continued insistence that they are suing these Defendants based solely on their "administrative duties" is simply argument that does not avoid judicial immunity. Moreover, for the reasons set forth in the R&R and the Court's August 25, 2021 Order, Judge Garcia and Referee Brown did not act in the absence of all jurisdiction. The examples the Sixth Circuit set forth in *Norfleet v. Renner*, 924 F.3d 317, 319 (6th Cir. 2019), clearly illustrate why these Defendants are entitled to immunity, even if they acted "in excess" of their jurisdiction. In addition, Plaintiffs' argument that the order of dismissal somehow rendered the prior orders void ab initio or facially deficient lacks merit. The dismissal order simply provided that the parties agreed that jurisdiction "is not necessary in this matter," recognizing that jurisdiction was, in fact, proper but not needed. (ECF No. 63-2 at PageID.2150.) Finally, Plaintiffs' myriad arguments attacking the validity of the orders run headlong into *Rooker-Feldman*.

As for Defendants Strouse, Alvi-Waller, and Siemon, Plaintiffs allege nothing new demonstrating action that was not subject to absolute quasi-judicial and prosecutorial immunity. In addition, the Court has already determined that Defendant Siemon was not responsible for training or supervising MDHHS employees.[3] (ECF No. 77 at PageID.2437.)

B. **State Defendants**

1. *Rooker-Feldman*

The Court previously adopted the R&R's recommendation that *Rooker-Feldman* bars many of Plaintiffs' claims and large swaths of others not entirely barred. (ECF No. 77 at PageID.2430–31.) The R&R set forth a detailed recitation of the law pertaining to *Rooker-Feldman*. Although an unreported decision, *Hancock v. Miller*, 852 F. App'x 914 (6th Cir. 2021), summarizes some useful rules. First, the doctrine applies only to court orders, including both final judgments and interlocutory orders. *Id.* at 921–22. Second, it applies when a plaintiff challenges the state court decision, not state law generally. *Id.* at 921. Third, the doctrine applies if the state-court order or judgment is the source of the injury. *Id.* (Citing *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006)). Finally, if the injury derives from another source, such as a third-party's actions, the doctrine does not apply, even if the actions are closely associated with the state-court proceeding. *Id.* But an exception to this last rule arises where the third party's actions are the product of the judgment or order, for example, "if election officials refuse to tally ballots because a court order commanded them to exclude the ballots." *Id.* (citing *McCormick*, 451 F.3d at 394 (citing *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 88 (2d Cir. 2005)). Applying these rules, the *Hancock* court concluded that *Rooker-Feldman* barred the plaintiff's claims against a

---

[3] Plaintiffs' Section 1985 claim, to the extent it is asserted against any or all of the County Defendants, and their failure to train and supervise claim against Defendants Garcia and Siemon fail for the reasons previously set forth in the R&R and August 25, 2021 Order.

social worker and two police officers for removal and retention of her children because the ex parte order authorizing such actions was the source of the constitutional injury. *Id*. at 922.

Here, as was true with the substantive due process claim in the current operative pleading, *Rooker-Feldman* bars the substantive due process claim in Count I of the proposed pleading because the September 28, 2018 Order After Preliminary Hearing authorizing removal of the children is the source of the deprivation of Plaintiffs' constitutional right to the maintenance of the parent-child relationship with their children. *See McCormick*, 451 F.3d at 393–94. In other words, that order was the source of interference with Plaintiffs' rights to parent their children. The doctrine also bars Plaintiffs' procedural due process claim in Count II to the extent it alleges lack of notice and an opportunity to be heard in connection with the September 28, 2018 hearing that resulted in the Order After Preliminary Hearing, as Plaintiffs allege no injury apart from entry of the order. As the Seventh Circuit noted in *Young v. Murphy*, 90 F.3d 1225 (7th Cir. 1996), where the plaintiff asserted a similar due process violation:

> In this case we are presented with a situation where Young has already rectified the consequences of the allegedly unconstitutional state proceeding through the fully litigated restoration of Wellman to full competency in state court. Therefore Young would suggest that his suit is neither an appeal of, nor a collateral attack upon, the earlier incompetency proceeding. But attacking the effects of that judgment is exactly what he is doing. Wellman's injury resulted from the state court judgment of incompetency and not from the alleged denial of due process. Had he prevailed in the May 8 hearing (where Wellman was declared incompetent and a guardian appointed), despite the alleged due process errors, he would have had no injury and no constitutional claim to bring before the district court. Thus, Young is really claiming Wellman's injury resulted from the state court judgment rather than the due process afforded by Illinois probate courts.

*Id.* at 1231. Similarly, Plaintiffs' injury in this case arises from the Order After Preliminary Hearing rather than the alleged due process violation. Finally, the procedural due process claim and the unlawful search and seizure and equal protection claims in Counts III and IV are barred by *Rooker-Feldman* to the extent they allege injury from the removal and retention of the children, because

5

the source of the injury is the Order After Preliminary Hearing and Judge Garcia's Order to Take Children into Protective Custody. *See Hancock*, 852 F. App'x at 922.

### 2. Absolute Immunity

Absolute Immunity continues to bar most of Plaintiffs' claims against Defendants Bush, Ermatinger, and Anderson. As the Court previously held, these Defendants are immune for their actions leading up to the issuance of the Order After Preliminary Hearing. (ECF No. 77 at PageID.2431–32.) Social workers are immune for conduct "intimately associated with the judicial process." *Pittman v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 640 F.3d 716, 725 (6th Cir. 2011). Actions such as initiating court proceedings, filing child-abuse complaints, and testifying under oath are examples of legal advocacy. *See Barber v. Miller*, 809 F.3d 840, 844 (6th Cir. 2015). Absolute immunity extends to both negligent misrepresentations to the court and those that are knowing and intentional. *Turner v. Lowen*, 823 F. App'x 311, 317 (6th Cir. 2020) (citing *Rippy ex rel. Rippy v. Hattaway*, 270 F.3d 416, 422–23 (6th Cir. 2001), and *Barber*, 809 F.3d at 844.) Although immunity does not extend to investigative and administrative functions, the Sixth Circuit has held that a plaintiff cannot sue a social worker for an "alleged failure to 'properly investigate' the facts supporting a petition for removal, even if those facts turn out to be false or incomplete." *Id.* (citing *Pittman*, 640 F.3d at 726). Moreover, immunity extends to a claim that a social worker could have facilitated the return of a removed child if she had performed an adequate investigation at any time between the removal and the ultimate juvenile hearing. *Id.* (citing *Rippy*, 270 F.3d at 422).

Plaintiffs' allegations regarding Defendant Bush's inadequate investigation, false or misleading statements (or omissions) in the petition and during the September 28, 2018 preliminary hearing, and actions in connection with filing the petition (including failure to provide sufficient notice, *see Coverdell v. Dep't of Soc. & Health Servs.*, 834 F.2d 758, 762–64 (9th Cir.

1987) (social worker who sought, obtained, and executed a court order directing seizure of the plaintiff's newborn child without notice to the plaintiff or her attorney entitled to absolute immunity)), in their substantive due process, procedural due process, unlawful search and seizure, and equal protection claims are barred by absolute immunity. Similarly, to the extent they are part of the claims, Plaintiffs' allegations about Defendants Martinez, Bush, and any other State Defendant failing to notify the court of deficiencies in the September 28 Order After Preliminary Hearing are also barred by immunity as set forth above. (ECF No. 92-1 at PageID.2696.) Finally, Plaintiffs' allegations in their equal protection claim fail to allege harm independent of the Order After Preliminary Hearing. In other words, absent entry of that order, there would be no basis for the claim. *See Hancock*, 852 F. App'x at 923. Accordingly, absolute immunity bars Plaintiffs' substantive due process and equal protection claims, as well as the identified portions of Plaintiffs' procedural due process and unreasonable search and seizure claims.

### 3. Merits

To the extent not barred by the *Rooker-Feldman* doctrine or immunity, Plaintiffs' proposed claims fail on the merits.

As set forth above, *Rooker-Feldman* bars the substantive due process claim. Moreover, as previously set forth, in Michigan, only a juvenile court is authorized to interfere with the fundamental right to family integrity. *See Kolley v. Adult Protective Servs.*, 725 F.3d 581, 586 (6th Cir. 2013); *Van Buren v. Crawford Cnty.*, No. 13-14565, 2014 WL 2217016, at *8 (E.D. Mich. May 29, 2014) ("As in Ohio, only a Michigan juvenile court can violate a plaintiff's substantive due process rights by interfering with the fundamental right to family integrity.").

*Rooker-Feldman* and absolute immunity also bar most of the procedural due process claim, including that portion of the claim relating to the September 28 preliminary hearing.[4] In their brief in support of their motion to amend, Plaintiffs correctly point out a factual inaccuracy in the R&R. That is, apparently misconstruing Plaintiffs' allegations and likely the contents of the Order After Preliminary Hearing, the R&R incorrectly stated that Judge Lawless held a hearing on October 1, 2018, within two days after the minors were removed, at which Plaintiffs were represented by appointed counsel. (ECF No. 70 at 18.) In fact, no hearing was held that day (ECF No. 112-4 at PageID.3027, 3031), although Judge Lawless did sign the Order After Preliminary Hearing that day (ECF No. 53-2 at PageID.1914). Nonetheless, the lack of a hearing on October 1 does not breathe new life into the due process claim. Plaintiffs allege that they were denied due process because a post-deprivation preliminary hearing was not held on October 1, 2018. (ECF No. 92-1 at PageID.2707.) Yet, Plaintiffs had no right to an additional preliminary hearing because the September 28 hearing was held in accordance with MCR 3.965, and Referee Brown authorized the petition removing the minors from Plaintiffs' custody at the conclusion of the hearing. (ECF No. 112-28 at PageID.4055–56.) *See* MCR 3.965(B)(12). In addition, the court-appointed guardian

---

[4] Plaintiffs allege that Defendant Bush failed to remove their names from the Central Registry, as required by statute, after the court dismissed the petition. (ECF No. 92-1 at PageID.2698.) Because they do not include this allegation as part of their due process claim, the Court need not consider it. Moreover, Plaintiffs do not allege that they made a request to Defendant Bush or the Michigan Department of Health and Human Services to have their names removed from the Central Registry or that they availed themselves of the state-law procedures for expungement of their names from the registry. *See* Mich. Comp. Laws. § 722.627(5), (6). Given their failure to pursue available state procedures, Plaintiffs may not maintain a procedural due process claim for failure to remove their names from the Central Registry. *See Palmer v. Adams*, No. 10-cv-14500, 2012 WL 2071810, at *14 (E.D. Mich. June 8, 2012), *aff'd*, 517 F. App'x 308 (6th Cir. 2013) ("Plaintiff was given the opportunity to challenge the determination not to remove her name from the Central Registry by filing an administrative appeal. Plaintiff does not challenge the procedure itself and cannot assert a due process claim when she has failed to avail herself of the available state remedies. This is not an issue of exhaustion but of finality.").

ad litem and court-appointed counsel for both Plaintiffs were present at the hearing. (*Id.* at PageID.4037.) *See* MCR 3.965(B)(1). Although Referee Brown conducted the hearing in Plaintiffs' absence, he was authorized to do so after determining that Plaintiffs had been given notice or that a reasonable attempt to notify them had been made.[5] *Id.* Finally, as set forth in the R&R, Judge Lawless held a pretrial hearing on October 18, 2018, after which she entered an Order After Pretrial Hearing that continued the placement of the minors with MDHHS until the scheduled trial on December 3, 2018. (ECF No. 53-4.)

Plaintiffs' Fourth Amendment claim based on the September 27, 2018 search of Plaintiffs' trailer fails for the reasons set forth in the R&R and related Order, which the Court adopted and affirmed. Plaintiffs also attempt to rehabilitate their Fourth Amendment claim based on *Brent v. Wayne County Department of Human Services*, 901 F.3d 656 (6th Cir. 2018). However, Plaintiffs' new allegations concerning Defendant Ermatinger's alleged false statements to Defendant Forrest in connection with her efforts to obtain assistance from Illinois officials in executing Judge Garcia's September 28, 2018 Order to Take Children Into Protective Custody still do not bring this case sufficiently in line with *Brent* to avoid qualified immunity. (ECF No. 92-1 at PageID.2686-88.) First, it remains undisputed that neither Defendant Bush nor Defendant Ermatinger sent the order to Illinois officials or participated in serving the order. Instead, Defendant Ermatinger spoke to Defendant Forrest over the phone. Moreover, the case remains sufficiently distinguishable from *Brent* because, in *Brent*, the plaintiff alleged that the social

---

[5] Plaintiffs' assertion that they were entitled to a post-deprivation preliminary hearing on Monday, October 1, 2018, appears to be based on MCR 3.965(A)(1), which states that "[t]he preliminary hearing must commence no later than 24 hours after the child has been taken into protective custody, excluding Sundays and holidays . . . ." However, the preliminary hearing occurred on September 28, at which the petition and removal of the minors had already been authorized. Nothing in MCR 3.965 limits the circumstances under which a preliminary hearing may be held to those set forth in subsection (A).

worker who drafted and submitted the petition—and allegedly included false information in the petition and withheld other information—also used false statements to enlist the assistance of police officers in executing the removal order. *Id.* at 667–68, 685. In contrast to *Brent*, Plaintiffs allege in this case that Defendant Bush conducted the investigation and prepared and submitted the petition allegedly containing false information and omitting other information, but that Defendant Ermatinger—not Defendant Bush—dealt with Illinois officials and allegedly made false statements in order to facilitate execution of the order. Thus, Plaintiffs still fail to show that Bush or Ermatinger violated clearly established law.

Finally, Plaintiffs' equal protection, Section 1985 conspiracy, and failure to train and supervise claims fail for the reasons set forth in the R&R and the Court's August 25, 2021 Order.

    **C.**    **Defendant Forrest and Jane Does ## 1–3**

These Defendants remain unserved. I recommend that Plaintiffs' claims against them be dismissed with prejudice for the following reasons. First, regarding Defendant Forrest, her only involvement in the case was interacting with Defendant Ermatinger in connection with the enforcement of Judge Garcia's order. Although Plaintiffs do not mention Forrest as part of any particular claim, any claim against her for effectuating the removal of the minors would be barred by *Rooker-Feldman*. *See Hancock*, 852 F. App'x at 922.

Next, regarding Jane Doe #1, Plaintiffs' only factual allegation is that in a telephone call on September 28, 2018, she told Plaintiff Heidi Hall that per policy MDHHS was not required to grant reasonable accommodations for Heidi Hall's disability and that accommodations were only required for hearing impaired persons and those who need interpreters. Plaintiffs allege that Jane Doe #1 further stated that Defendant Bush would need to conduct a second interview, she did not mention anything about a petition, and she only said that an interview would be set up. (ECF No. 92-1 at PageID.2664–65; ECF No. 46 at PageID.1789.) Because this conduct does not amount to

10

a constitutional violation, and the only count in which Jane Doe #1 is named is the failure to train and supervise claim that fails to state a claim, Jane Doe #1 should be dismissed with prejudice.

Finally, Plaintiffs allege that Jane Does ## 2 and 3 took the minors into protective custody from the Illinois officials in Monee, Illinois, on September 29, 2018. (ECF No. 92-1 at PageID.2689; ECF No. 46 at PageID.1800.) Because the minors had been removed pursuant to Judge Garcia's order at the time of the transfer, this claim is also barred by *Rooker-Feldman*.

Alternatively, if the Court declines to dismiss the claims against Defendant Forrest and Jane Does #1–3 with prejudice, I recommend that the claims against Jane Does ##2 and 3 be dismissed without prejudice and that the claims against Defendant Forrest be transferred to the United States District Court for the Central District of Illinois pursuant to 28 U.S.C. § 1404(a), consistent with Plaintiffs' request in their pending motion to transfer venue. (ECF No. 98.) *See Jenkins v. Michigan Dep't of Corrs.*, No. 1:13-cv-1306, 2014 WL 1764983, at *9 (W.D. Mich. May 2, 2014) ( *sua sponte* transferring claim against remaining defendant, following dismissal of all other defendants, to the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a)).

## II.     Motion to Transfer Venue

Plaintiffs have filed a motion to transfer this case to the Central District of Illinois pursuant to 28 U.S.C. § 1404(a). In light of the above recommendations, I recommend that the Court deny Plaintiffs' motion as moot.

**Conclusion**

For the foregoing reasons, I recommend that the Court deny Plaintiffs' motion for leave to file a Second Amended Complaint (ECF No. 91) and dismiss the claims against Defendant Forrest (Jane Doe #1) and Defendants Jane Doe ## 2–4 with prejudice. I further recommend that the Court deny Plaintiffs' motion to transfer venue (ECF No. 98) as moot.


Date:  May 6, 2022                                           /s/ Sally J. Berens
                                                             SALLY J. BERENS
                                                             U.S. Magistrate Judge


OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).